Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 461 | **DATE** | 5/17/2001 |
| **CASE TITLE** | Central States etc. et al. Vs. Manning Motor Express, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiffs' motion for an order allowing the registration of a judgment in a foreign district is denied without prejudice to its renewal. Defendants' cross-motion for stay without bond pending appeal is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAY 1 8 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 49 |
| | Mail A 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 18 AM 10:27 | date mailed notice | |
| WAH courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST )
AND SOUTHWEST AREAS PENSION )
FUND, and HOWARD McDOUGALL, )
trustee, )
)
Plaintiffs, )
)
vs. ) No. 97 C 461
)
MANNING MOTOR EXPRESS, INC., )
A-1 EXPRESS, INC., K-T EXPRESS, )
INC., and BOWLING GREEN )
EXPRESS, INC., )
)
Defendants. )

DOCKETED
MAY 1 8 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff obtained a judgment for interim payments of withdrawal liability on December 19, 2000. Finding no assets in this district it now seeks an order allowing the registration of the judgment in a foreign district. Defendants have filed an appeal but they have not posted a supersedeas bond. They oppose the motion and seek a stay of enforcement pending appeal, without bond. In the meantime, the parties are engaged in settlement discussions being conducted under the auspices of the Seventh Circuit Court of Appeals. Plaintiff represents that it will not execute upon judgment so long as settlement discussions appear promising. Taking plaintiff at its word, we decline to permit registration elsewhere so long as settlement discussions appear promising, but that declination is solely for that reason, and we deny the motion to stay enforcement pending appeal.

The Manning companies are in desperate shape. Only two of the companies are still

in business, and the others have negative net worths. Of the operating companies, one has a negative net worth and the other has a small book equity which may well not be realizable. But they all have assets (as well as substantial liabilities). Enforcement of the judgment would, therefore, in all probability cause the operating companies to shut down and precipitate a contest by the creditors respecting the priorities of their claims.

Pursuant to 28 U.S.C. § 1963 a judgment may be registered in another district for "good cause shown" while an appeal of that judgment is pending. The committee notes to the 1988 revision of the section make it clear that "good cause" is a showing of substantial assets in another district. And here there are substantial assets in another district. As we indicated in our Memorandum Opinion and Order of October 25, 2000, and as explained in <u>Robbins v. Pepsi-Cola Metropolitan Bottling Co.</u>, 800 F.2d 641 (7th Cir. 1986), Congress has mandated a "pay now, arbitrate later" scheme to protect employees and other employers, and concerns about the economic viability of the defendants and for the claims of other creditors must give way. Neither a stay nor a non-consensual restriction upon registration would be consistent with that command.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 17, 2001.